UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHAO ZHANG | DOCKET NO. 24-CR-00146-SDN |

**DEFENDANT'S MEMORANDUM FOR AID IN SENTENCING**

I. **Introduction.**

Chao Zhang (hereinafter "Mr. Zhang") appears before this Court for sentencing on February 5, 2026, following his plea of guilty to a one-count Information charging Bank Fraud Conspiracy, in violation of 18 U.S.C. §1349. Mr. Zhang also admitted the forfeiture allegation in the amount of $53,868.12.

The Revised Presentence Report ("PSR") establishes a Total Offense Level of 9 and a Criminal History Category of I, resulting in an advisory guideline range of 4 to 10 months' imprisonment; a term of supervised release of not more than five years; and a fine ranging from $2,000 to $1,000,000. Because the guideline range falls within Zone B of the Sentencing Table, the minimum term may be satisfied by probation or supervised release that includes a condition substituting home confinement or community service. U.S.S.G. §5C1.1(c), (e). Moreover, because Mr. Zhang qualifies as a Zero-Point Offender under U.S.S.G. §4C1.1, a sentence other than imprisonment is generally appropriate. U.S.S.G. §5C1.1, cmt. n.9.

Since immigrating to the United States with his parents more than twenty years ago, Mr. Zhang has been committed to supporting his family, hard work, and self-improvement. These traits may appear incongruous given his presence before the Court; however, pursuant to 18

U.S.C. §3553(a), the Court must consider the entirety of a defendant's history and characteristics in fashioning a fair and just sentence.

In that regard, the Court has received letters from Mr. Zhang, his wife, Yuting He, and his mother, Rui Lan Ou.[1] Both Ms. He and Ms. Ou are fully aware of and deeply disappointed by Mr. Zhang's unlawful conduct, which neither condones. They respectfully ask the Court to balance this single transgression against his otherwise exemplary and unblemished record.

This sentencing occurs in the framework established by *United States v. Booker,* 543 U.S. 220 (2005), and its progeny, which permit the Court to impose a sentence befitting not only the offense but the individual defendant. While the Guidelines must be considered, they are no longer mandatory or presumptively reasonable. *United States v. Jimenez-Beltre*, 440 F.3d 514 (1st Cir. 2006); *Nelson v. United States*, 555 U.S. 350, 352 (2009). The governing principle of 18 U.S.C. §3553(a) is that the sentence imposed be "sufficient, but not greater than necessary" to achieve the purposes of sentencing.

Within this framework, Mr. Zhang respectfully requests that the Court consider several mitigating factors beyond his lack of criminal history, including his family responsibilities, steady employment, minimal role in the offense, and genuine remorse. His conduct was not motivated by greed or personal enrichment, but by financial pressure and poor judgment. His post-offense cooperation, discussed below, further reflects his commitment to accepting responsibility and making amends.

Chao's words and deeds make clear that he has accepted full responsibility for his conduct and immediately sought to make amends. Since his release on bail a year ago, he has been fully compliant with his conditions of release. Likewise, he cooperated fully in reaching

---

[1] See letters to the Court from Mr. Zhang and his wife and mother, submitted herewith as Exhibits 1 through 3.

both plea and cooperation agreements with the government; agreed to go forward by way of an Information, rather than compel an Indictment; and readily consented to the Forfeiture alleged in the charging document. As part of the preparation of the PSR, Chao submitted a lengthy written statement in which he candidly described his unlawful conduct, admitted the wrongfulness of his actions, and expressed sincere remorse. Similarly, in his heartfelt letter to the court he expresses unconditional acceptance of responsibility, and his sincere commitment to "living life as a law-abiding and responsible individual." Ex 1. He further explains that his extensive cooperation was due to his belief that it was "his responsibility to be honest, accountable and respectful of the legal process. Id.

For these reasons, we respectfully request that the Court impose a sentence of probation, with conditions the Court deems appropriate.

## II.  Mr. Zhang's Cooperation with the Prosecution

Mr. Zhang appreciates that the government intends to move for a downward departure pursuant to U.S.S.G. §5K1.1 based on his substantial assistance. His cooperation is also relevant under §3553(a) because it provides meaningful insight into his character and his resolve to accept responsibility and move forward as a law-abiding citizen. See *Roberts v. United States*, 445 U.S. 552, 558 (1980).

Mr. Zhang's cooperation was immediate and productive. In August 2024, he participated in a proffer during which he provided a complete and truthful account of his own conduct and that of his co-conspirator, Yuantong Liang, as well as others involved. In December 2024, he testified before a federal Grand Jury regarding these matters.

As a result of Mr. Zhang's cooperation, Mr. Liang was charged in a multi-count Indictment. Mr. Zhang remained prepared to testify at trial if necessary, although his testimony

ultimately was not required because Mr. Liang is scheduled to plead guilty.

Mr. Zhang did not undertake his cooperation lightly, as he was aware of the risk of retaliation. Nevertheless, he chose to cooperate because he understood it to be the first step toward accountability and rebuilding his life.

### III. Our Recommended Sentence Is Sufficient But Not Greater Than Necessary to Satisfy the §3553(a) Factors.

When imposing a sentence, the Court must consider the advisory Sentencing Guidelines together with the factors set forth in 18 U.S.C. §3553(a), including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; afford adequate deterrence; protect the public; and provide the defendant with needed rehabilitation.

The nature and circumstances of the offense are thoroughly documented in the PSR and need not be repeated here. Mr. Zhang has never attempted to minimize his conduct. His written statement to the Probation Office and his letter to the Court provide a candid and unvarnished account of his actions and demonstrate unequivocal acceptance of responsibility.

Mr. Zhang's personal history and characteristics are also well-documented in Paragraphs 37-46 of the PSR. By way of supplement, Chao has since married his longtime partner, Yung He, with whom he lives at his mother's home in Staten Island, New York. Ms. He works part-time to assist Chao with the family's finances and contributes to the care of Chao's mother. Both women have composed and submitted heartfelt and compelling letters to Your Honor that evidence Chao's sterling character and their unwavering support. See Ex. 2 and 3.

### Seriousness of the Offense, Respect for the Law, and Just Punishment

Chao readily acknowledged the seriousness of his crime and has accepted responsibility for it. In recognition thereof, he cooperated with the government and continued his assistance throughout the entirety of the case. We respectfully suggest that a sentence of probation, with appropriate conditions, will be just punishment in this case. Although non-custodial, probation will prohibit Chao from leaving his judicial district or changing jobs without permission from his probation officer, and subject him to several additional rigid requirements. He will have the added stigma of a felony conviction and suffer the draconian collateral consequences attendant thereto, including the numerous statutory and regulatory penalties imposed upon convicted felons. In *United States v. Nesbeth*, 15-CR-18 (E.D.N.Y. May 25, 2016, Judge Frederick Block emphasized he devastating impact of such a conviction while imposing a non-custodial sentence for a defendant, despite the guidelines range of 31-42 months. In so ruling, Judge Block observed:

> Today, the collateral consequences of a felony conviction form a new civil death. Convicted felons now suffer restrictions on broad ranging aspects of life that touch upon economic, political, and social rights. In some ways, "modern civil death is harsher and more severe" than traditional civil death because there are now more public benefits to lose, and more professions in which a license, permit, or ability to obtain a government contract is a necessity.

See also *United States v. Howe*, 543 F.3d 128 (3rd Cir. 2008) (Affirming District Court downward variant non-custodial sentence in a fraud case, despite a guideline range of 18-24 months, due to an unblemished record, standing in the community, and loss of private business.)

In addition, Chao will bear the burden of repaying a nearly $100,000 restitution

obligation. That said, in some respects monetary sanctions may be less burdensome than the personal disgrace that has befallen him as a result of his actions. Finally, Chao has endured public humiliation and has begun the process of self-inflicted punishment that a person of previously unblemished character undergoes.

By prosecuting a person of Mr. Zhang's background, the government has promoted respect for the law by making it clear that no one is above the law, regardless of their standing in the community. See *United States v. Baird*, 200 U.S. Dist. Lexis 2338 (D. of Nebraska, January 11, 2008). Our recommended sentence also addresses a related concern because, as observed by the 11th Circuit in *United States v. Williams*, 4353d 1350, 1952-1953 (11th Cir. 2006): "a sentence … out of proportion to the conduct does not promote respect for the law but rather promotes disrespect for the law."

## Deterrence and Protection of the Public

Mr. Zhang's unconditional acknowledgment of culpability, cooperation with the prosecution, and lack of criminal record establish that specific deterrence has been accomplished and that a sentence of incarceration is unnecessary to protect the public or to guarantee his future compliance with the law. So too does his full compliance with the terms of his release on bail during the last several months.

The factors noted above are equally effective to accomplish general deterrence. This conclusion is bolstered by the D.C. Circuit's affirmation of a downward variant non-custodial sentence in *United States v. Gardellini*, 545 F.3d 1089 (D.C. Cir. 2008). Gardellini pled guilty to filing a false tax return and faced an advisory guideline range of 10-16 months. The district

court's decision to sentence *Gardellini* to probation and a fine was based on factors that exist here: the defendant's unequivocal acceptance of responsibility; his minimal risk of recidivism; and its conclusion that he had already suffered substantially due to the stress of the investigation and prosecution. On appeal, the D.C. Circuit rejected the government's contention that the district court's sentence would lessen the deterrent value of the prosecution, noting its inconsistency with the Supreme Court's analytical approach and result in *United States v. Gall*, 552 U.S. 38 (2007) and that it improperly elevated one §3553(a) factor – general deterrence – above all others. The court emphasized that §3553(a) made clear that a sentencing court must balance and consider all relevant factors, not all of which may point in the same direction. Id.

### IV.    Conclusion.

The parsimony provision of 18 U.S.C. §3553(a) requires that a sentence be sufficient, but not greater than necessary, to achieve the purposes of sentencing. A full and fair consideration of the offense, the need for punishment and deterrence, and Mr. Zhang's history and characteristics demonstrates that a sentence of probation with appropriate conditions satisfies those purposes in this case.

Respectfully submitted,

Date:    January 29, 2026                    /s/ Richard S. Berne
                                             Attorney for Defendant

                                             Law Office of Richard S. Berne
                                             482 Congress Street Suite 402
                                             Portland ME  04101
                                             207-871-7770
                                             berne@bernelawme.com

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on this date, I electronically served the foregoing Defendant's Memorandum For Aid In Sentencing upon the Court and all named parties through the ECF system.

Date:   January 29, 2026                    /s/ Richard S. Berne
                                            Attorney for Defendant

                                            Law Office of Richard S. Berne, LLC
                                            482 Congress Street Suite 402
                                            Portland ME 04101
                                            207-871-7770
                                            berne@bernelawme.com

*United States of America v. Chao Zhang*

Docket No. 24-cr-00146-SDN

## Defendant Exhibits

1. Letter to the Court from Chao Ying Zhang dated January 3, 2026
2. Letter to the Court from Yuting He dated January 3, 2026
3. Letter to the Court from Rui Lan Ou dated January 3, 2026